**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **GINO ROMANO** | § | |
| | § | |
| **V.** | § | **A-12-CV-0535 SS** |
| | § | |
| **KIM KARDASHIAN A/K/AKIMBERLY** | § | |
| **NOEL "KIM" KARDASHIAN, SANDRA** | § | |
| **BULLOCK, KOURTNEY KARDASHIAN,** | § | |
| **and JESSE JAMES** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Gino Romano's Application to Proceed *In Forma Pauperis*

(Clerk's Doc. No. 1) and Preliminary Injunction for a Temporary Restraining Order (Clerk's Doc.

No. 2), filed on June 19, 2012. The Court submits this Report and Recommendation to the United

States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court

Rules of the United States District Court for the Western District of Texas, Local Rules for the

Assignment of Duties to United States Magistrate Judges.

**I.   ANALYSIS**

After considering Plaintiff's financial affidavit, the Court finds that Plaintiff is indigent.

Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status in the instant case.

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by

standing order to review each Complaint pursuant to 28 U.S.C. §1915(e)(2). That statute reads in

pertinent part as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .

(B)     the action or appeal-

(i)      is frivolous or malicious;
(ii)     fails to state a claim on which relief may be granted; or
(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial."  *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).  Pro se complaints must be liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972).  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

A complaint lacks an arguable basis in fact and is factually frivolous when the allegations are fanciful, fantastical, and delusional, or when they "rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  As the Fifth Circuit has noted many times,

"[a]court may dismiss a claim as factually frivolous [when the] allegations . . . are fanciful, fantastic, and delusional.  A finding of factual frivolousness is appropriate when the facts alleged rise to the level or the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  An IFP complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely.

*Lauderdale v. Ellis*, 43 F.3d 669 (1994) (citing *Denton*). This case fits squarely within the category of "fanciful, fantastical, and delusional."

Pro se Plaintiff Gino Romano claims that he witnessed a "major Hollywood scandal conspiracy" "a few years ago" in Austin, Texas. *See* Preliminary Injunction Temporary Restraining Order. Romano alleges that, after attending a football game in Austin, he drove by the Jesse James Outlaw Garage and spied reality television stars and noted tabloid fodder Kimberly Kardashian and Jesse James "making a sex tape on top of a Harley Davidson motor bike." *Id.* As if that were not fantastical enough, Romano further contends that Oscar-winning movie star, sometime Austin resident, and Jesse James ex-wife, Sandra Bullock, was filming the event. Romano alleges that he too began recording the activities with his camera phone,[1] but was seen and attacked not only by Kardashian, James, and Bullock, but also by Kourtney Kardashian, and Bullock's toddler son, Louis (who supposedly kicked Romano in the groin). Romano asserts that Jesse James broke his nose, neck, left hip, right arm, and three toes.

The story of the complaint gets better, though. Romano pleads that, due to his experience working as an extra in Jackie Chan movies, as well as having trained on a Chuck Norris machine, he was able to escape—with his camera phone intact. Romano alleges that he and a friend have shopped the "James/Bullock/Kardashian Monster Garage Sex Tape" to adult film companies. Romano brings this action to protect himself from "outlaw motor cycle gangs,[2] Kanye West,[3]

---

[1]This allegation is actually believable.

[2]An apparent allusion to James' friends.

[3]Kim Kardashian's current man-of-the-moment.

basketball players from the [Brooklyn] Nets,[4] unknown Disicks,[5] and buses with explosives."[6] Romano requests a restraining order because "they all want to kill me and destroy this tape." *Id.*

While the Court gives Romano credit for his imagination and close attention to E! Entertainment Television, unfortunately[7] his claim is patently frivolous, fantastical, and delusional. While federal courts are liberal in construing the claims of a pro se litigant, Romano's claim and request for relief rises to the level of the irrational or the wholly incredible. Accordingly, Romano's claim should be dismissed as frivolous pursuant to § 1915(e)(2)(B).

## II. RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Court DISMISS Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## III. WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

[4]The NBA team of Kim Kardashian's ex-husband, Kris Humphries, to whom she was married for 72 days in 2011.

[5]An apparent reference to Scott Disick, the father of Kourtney Kardashian's first child, and frequent guest on "Keeping up with the Kardashians."

[6]A reference, no doubt, to Bullock's blockbuster 1994 movie, "Speed," in which she spends most of her screen time as an unwilling passenger on a bus commandeered by a maniac who has strapped explosives to the bus.

[7]Obviously, this trial would be one of the more entertaining cases ever to be tried in a court of the United States.

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of June, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE